[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
CT Page 14283
Having reviewed the respective submissions of the parties, it is hereby ORDERED that only the following documents be produced by Defendant Richard Dixon for the 1998 calendar year through and including November 30, 1998:
 1. All monthly statements, passbooks, check registers and canceled checks for any and all savings, checking or similar depository accounts in which you have any interest, whether the same be maintained with a bank, brokerage house or other financial institution and to include both personal and business accounts.
 2. All monthly statements for all credit cards which you have used, or have been entitled to use, whether for personal or business purposes.
 3. Any and all cash receipts and cash disbursements journals, or similar records, evidencing all receipts by and disbursements from any and all business entities in which you have any interest.
And it is further ORDERED that Defendant Richard Dixon further produce the following documents:
 1. A current financial affidavit (signed and sworn to); and
 2. His 1997 personal Federal and State of Connecticut tax returns together with any 1997 tax returns filed by any business entity in which he has any interest whatsoever.
And it is further ORDERED that production of the foregoing documents shall be made at a mutually agreed time and place, however, in the event the parties are unable to mutually agree as to time and place, production shall take place at Mr. Dixon's law office commencing at 9:00 a.m. on December 22 and continuing until 5:00 p. m. on that date. In the event review of the records has not been completed by that time, review will continue at 9:00 CT Page 14284 a.m. on December 23, 1998 and will conclude no later than 5:00 p. m. on that date. Arrangements are to be made for copying of any of the produced documents (to the extent of any request for copies), however, in the event the parties are unable to reach a mutually acceptable agreement regarding the copying of such documents, any documents to be copied shall be delivered by Mr. Dixon to a copy service and the parties shall advance in equal proportions the cost of such copying (with the costs so advanced to be subject to review and reallocation by the Court as it deems appropriate). And it is further ORDERED that, in the event of any further dispute regarding the production required as set forth above, that appropriate motions be filed and served on or before December 29, 1998, which motions shall be written in to the Court's short calendar of January 4, 1999.
Dated this 2nd day of December, 1998 at Norwich, Connecticut.
Solomon, J.